UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CHRISTOPHER GERALD SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:17-cv-144-JMB |
|  | ) |  |
| NICOLE GREEN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Missouri inmate Christopher Gerald Smith for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $17.18. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the official capacity claims against the defendants, and direct the Clerk of Court to issue process upon the complaint as to the defendants in their individual capacities.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement showing an average monthly balance of $85.88. The Court will therefore assess an initial partial filing fee of $17.18, which is twenty percent of plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623

2

F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Nicole Green (Administrator of the Dunklin County Justice Center), Ashley Green (a nurse), Jimmy Smith (a supervisor), Unknown Pewitt (a doctor), and Bob Holder (Sheriff of Dunklin County). Plaintiff sues all defendants in their official and individual capacities.

According to the complaint, plaintiff has been held in medical isolation since late July 2017. While in medical isolation, plaintiff must remain locked down all day. Plaintiff asked Ashley Green to take him off medical isolation, and Ashley Green responded, "Your ass can stay in there . . . ha ha, since you wanna file lawsuits and grievances claiming we're denying you medical care your ass will stay in here forever." (Docket No. 1 at 3). Plaintiff also alleges that, in retaliation for his filing grievances and a lawsuit in federal court, Nicole Green and Bob Holder refused to release plaintiff from medical isolation, and Dr. Pewitt and Smith instructed that plaintiff be kept in medical isolation.

## Discussion

The complaint fails to state a claim upon which relief can be granted as to all defendants in their official capacities because plaintiff does not allege that a policy or custom of their employer was responsible for the alleged harm. *See Monell v. Dept. of Social Services of City of*

*New York*, 436 U.S. 658, 690-91 (1978). Plaintiff's official capacity claims will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

To state a prima facie case for First Amendment retaliation, plaintiff must allege that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). In this case, plaintiff alleges that he filed grievances and a federal lawsuit, and the defendants punished him by moving him to, and keeping him in, a medical isolation cell where he is kept locked down all day. These allegations survive initial review as to the defendants in their individual capacities, and the Court will require the defendants to answer the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.18 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants Nicole Green, Ashley Green, Jimmy Smith, Dr. Unknown Pewitt, and Bob Holder are **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve process or cause process to issue as to defendants Nicole Green, Ashley Green, Jimmy Smith, Dr. Unknown Pewitt, and Bob Holder.

Dated this 6th day of October, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE